UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:12-cr-267 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ALEXANDER BLANDON, | ) | |
| DEFENDANT. | ) | |

On May 18, 2015, defendant Alexander Blandon ("defendant" or "Blandon") filed a *pro se* motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 26 ["Mot."].) The government filed a response on July 7, 2015, opposing Blandon's motion. (Doc. No. 27 ["Resp"].) For the reasons that follow, Blandon's motion is DENIED.

### I. BACKGROUND

On July 23, 2012, defendant entered a counseled plea of guilty to Counts 1, 2, and 3 of the indictment, as follows:

Count 1 – Felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1);

Counts 2 and 3 – Two separate counts of Possession with intent to distribute controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

(Plea Agreement, Doc. No. 19.)

As contemplated in the parties' plea agreement, in calculating the defendant's guideline sentence, all three counts were grouped pursuant to U.S.S.G. § 3D1.2(a) (instructing sentencing courts to group counts "involving substantially the same harm"). (*See* Plea Agreement, ¶ 12, at PageID 57-58.) Two guidelines sentences provided offense levels for the grouped counts: § 2D1.1 (for the drug counts) and § 2K2.1 (for the gun count). Adhering to the grouping rules, and as further contemplated by the parties' plea agreement, the Court gave the group the highest offense level, which was calculated under § 2K2.1—the guideline for the gun count.

Based upon initial advisory guideline calculations, defendant's base offense level under § 2K2.1(a)(3) was 22. Four levels were added pursuant to § 2K2.1(b)(6)(B), making the adjusted offense level 26. The Court then applied a three-level reduction for acceptance of responsibility pursuant to §§ 3E1.1(a) and (b), which resulted in a total offense level of 23. With a criminal history category of IV, Blandon's advisory imprisonment range was 70-87 months. On November 1, 2012, the Court sentenced defendant to a term of imprisonment of 79 months on each count to run concurrently. (Judgment, Doc. No. 25.)

**II. LAW AND ANALYSIS**

Defendant now inquires as to whether he is eligible to have his sentence reduced pursuant to a retroactive amendment to the federal sentencing guidelines. He is not.

The authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing *United States v.*

*Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Congress allows a district court to modify a term of imprisonment under 18 U.S.C. § 3582(c)(2) when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Section 3582(c)(2) additionally states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission, on November 1, 2014, adopted Amendment 782 to the Drug Quantity Table in U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug offenses. The amendment has been given retroactive effect and pursuant to § 1B1.10 of the guidelines, Amendment 782 may serve as the basis for a sentence reduction if a sentence was derived from § 2D1.1. *See* § 1B1.10. But as explained above, the defendant's guideline range was not derived from § 2D1.1; rather, it was derived from § 2K2.1.

When a sentencing range is derived from § 2K2.1, and not the amended Drug Quantity Table in § 2D1.1, Amendment 782 is not applicable. *See United States v. Thomas*, ___ F.App'x. ___, 2015WL3540186 (11th Cir. 2015) (Amendment 782 does not apply when the offense level was calculated using § 2K2.1). *See also United States v. Perdue*, 572 F.3d 288, 292-93 (6th Cir. 2009) (18 U.S.C. § 3582(c)(2) only applies to a sentence that was based on a guideline sentencing range that has subsequently been lowered) (collecting cases); *United States v. Riley*, 726 F.3d 756, 761 (6th Cir. 2013)

(defendant's inability to establish that sentence was based on an guideline sentencing range that was subsequently altered is fatal to claim for sentence-reduction).

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 26) is DENIED.

**IT IS SO ORDERED**.

Dated: July 7, 2015

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**